### Neely et al. *vs.* The Bank of the State.

*In order to bring before the court, the question, whether the Bank of the State has the right to sue on a bond, it must be raised by a proper plea. There is one state of the case, in which the bank has unquestionable right to take bonds.*

This was an action of debt, determined in the Pulaski Circuit Court, in September, 1841, before the Hon. John J. Clendenin, one of the circuit judges. The bank sued Neely and others, on a bond. The only writ issued was sent to Crittenden county, and there executed. There was no allegation, in the declaration, as to the residence of the defendants. The sheriff, in his return, named the defendants by the initials of their Christian names. Judgment by default, for the debt, interest at 10 per cent., and costs. The defendants brought error.

*W. & E. Cummins*, for plaintiffs in error. The writ is void, and is not served on the persons named in the writ and declaration; and, consequently, the service is void, and conferred no jurisdiction on the court below.

The judgment for costs, is erroneous. It should have been for a specific sum, and only for the costs expended by plaintiff below. *Hartley vs. Tunstall et al. 3 Ark.* 119.

*Hempstead & Johnson*, contra.

*By the Court*, Dickinson, J. The objections taken to the issuing the writ to a county different from the one in which the suit was

brought, and the rate of interest, have both been expressly ruled, by this court, against the plaintiffs in error. The question, as to the right to sue on a writing obligatory, cannot properly come before the court, in this case, as decided in the case of *McFarland and others vs. The Bank of the State of Arkansas*, at the last January term of this court. The party having failed to raise it by a proper plea, and there being one state of case, in which the bank has unquestionable authority to take writings obligatory, and as the inference is in favor of the court below, the judgment must be affirmed.